# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| CYNTHIA SYPOLT, | ) | CASE NO. 4:16-cv-1410 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | MEMORANDUM OPINION |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY | ) | |
| ADMINISTRATION, | ) | |
| | ) | |
| DEFENDANT. | ) | |

Before the Court is the report and recommendation of Magistrate Judge David Ruiz, recommending that the decision of the Commissioner of Social Security ("Commissioner") denying the application of plaintiff Cynthia Sypolt ("plaintiff") for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. § 1381 *et seq*. ("Act"), be reversed and remanded for further proceedings. (Doc. No. 21 (Report and Recommendation ["R&R"]) at 868.[1]) The Commissioner's response states that the defendant will not be filing objections to the R&R. (Doc. No. 22.)

---

[1] All references to page numbers are to the page identification numbers generated by the Court's electronic filing system.

Under the relevant statute:

Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.

28 U.S.C. § 636(b)(1)(C).

The failure to file written objections to the report and recommendation of a magistrate judge constitutes a waiver of a de novo determination by the district court of an issue covered in the report. *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), *aff'd*, 474 U.S. 140 (1985); *see United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

The Court has reviewed Magistrate Judge Ruiz's report and recommendation and adopts the same. Accordingly, the final decision of the Commissioner denying plaintiff's application for supplemental security income is reversed and remanded for a new decision that addresses all of plaintiff's alleged symptoms, that clearly states the extent to which those symptoms limit the Plaintiff, and explains why those symptoms are not credited if they are alleged to exceed the exertional requirements of the RFC (residual functional capacity). (*See* R&R at 868.)

**IT IS SO ORDERED**.

Dated: March 28, 2017

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

2